ORDERED in the Southern District of Florida on December 14, 2006

John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

In re:

FULL GOSPEL ASSEMBLY
OF DELRAY BEACH, INC.,

    Debtor.

Case No. 05-23067-BKC-JKO

Chapter 11

**ORDER DENYING DEBTOR'S MOTION FOR
<u>ATTORNEYS' FEES AND COSTS AND FOR SANCTIONS</u>**

This case is before me on the most recent, and perhaps last, stage in the claims litigation between the Debtor and Glen Slayman, both individually and as assignee of various claims previously asserted by his late wife, Virginia Slayman. The Debtor seeks an award of attorneys' fees and costs and for sanctions [CP 195], to which Slayman has responded [CP 199]; the Debtor in turn has filed an answer [CP 200] to the Slayman response.

The Debtor is a not-for-profit Florida corporation which operates as a church serving a primarily Haitian immigrant population in Delray Beach. The issues in the case revolve almost

-1-

entirely around alleged loans made by Slayman to the Debtor through its principal, Rev. Joseph Millian. The history of the Slayman claims against the Debtor is set forth in the Order on Slayman Claims and Setting Final Evidentiary Hearing [CP 155] entered July 13, 2006, and will not be repeated here. As ultimately filed, Slayman sought $231,224.96 on a secured claim, and $879,005.04 on an unsecured claim. The Debtor challenged these claims as fraudulent. On the eve of trial, Slayman surrendered completely and withdrew all of his claims. The Debtor contends that Slayman did so because I had indicated at a pretrial hearing on August 23, 2006, that I would allow the Debtor to introduce evidence that Slayman had previously been convicted by the United States District Court for the Western District of Pennsylvania of defrauding churches in connection with construction projects. Slayman, by contrast, asserts through his lawyer, Stuart Young, and his son, Gary Slayman, that Slayman, who is 80 years old, was recently widowed, and has suffered from various medical conditions and a serious accident, declined to go forward because trial posed a serious risk to his health. Regardless, the case did not go to trial and the Slayman claims were totally and unconditionally withdrawn.

### Attorneys' fees

Not satisfied with this success, the Debtor seeks to recover all of its attorneys' fees and costs associated not only with the Slayman claim litigation but also all fees and costs incurred in connection with this chapter 11 case. The Debtor contends that the chapter 11 case was required because of Slayman's assertion of fraudulent claims. Its theory of recovery is under the Florida fee-shifting statute, *Fla. Stat.* § 57.105(7), which provides:

> (7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action,

whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

The mortgage which formed the basis for Slayman's secured claim contains the following provision:

> SHOULD any of the above covenants be broken, then said Note and all moneys secured hereby shall, without demand, if the Mortgagee, their legal representatives or assigns, so elect, at once become due and payable and the mortgage be foreclosed, and all costs and expenses of collection of said moneys, with or without suit, including a reasonable fee for the Mortgagees' attorney, shall be paid by Mortgagors, and the same are hereby secured.

The Debtor contends that when read in conjunction with *Fla. Stat.* § 57.105(7), the foregoing provision permits me to award attorneys' fees to the Debtor as the prevailing party in the claim litigation with Slayman.

Slayman's response to the Debtor's motion is essentially a judicial estoppel argument. Slayman contends that since the Debtor argued from the initiation of the claims litigation that the mortgage under which the Debtor now seeks to recover fees was at all times a fraud, the Debtor cannot now be heard to rely upon that mortgage as the basis for the award of attorneys' fees. Slayman cites *Superior Crewboats, Inc. v. Primary P & I Underwriters*, 374 F.3d 330, 334 (5th Cir. 2004) for the proposition that judicial estoppel requires the following: (1) the party's position in current litigation must be clearly inconsistent with a position previously taken; (2) the court must have accepted this previous position; and (3) the inconsistency must not have been inadvertent.

The Debtor points out that the Supreme Court requires consideration of the following factors: (1) whether the present position is "clearly inconsistent" with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position is a later proceeding creates the perception that either court

was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party. *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001). The Debtor focuses on the *New Hampshire* language which could be read to suggest that judicial estoppel only applies if there are separate proceedings before different tribunals.

Curiously, neither party has cited controlling Eleventh Circuit law on this issue. Following the Supreme Court's decision in *New Hampshire,* the Eleventh Circuit has determined that two factors must be present for judicial estoppel to be invoked: first, it must be established that the allegedly inconsistent positions were made under oath in a prior proceeding; and second, the inconsistencies must have been calculated to make a mockery of the judicial system. *Transamerica Leasing, Inc. v. Institute of London Underwriters,* 430 F.3d 1326, 1335 (11th Cir. 2006); *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1285 (11th Cir. 2002). The first element – that the allegedly inconsistent position was taken under oath – is clearly absent here. I have taken no evidence with respect to the validity *vel non* of the Slayman mortgage. Accordingly, since this Circuit's prerequisite that a prior inconsistent position be taken *under oath* before judicial estoppel may be applied is absent in this case, judicial estoppel cannot be applied.[1] It is nonetheless true that there is something disquieting about the Debtor's argument that it should be entitled to the award of

---

[1] The law appears settled that the party which obtains a consent decree is the "prevailing party" for judicial estoppel purposes no less than one who obtains judgment on the merits, *Maher v. Gagne,* 448 U.S. 122 (1980). Some courts have gone further and held that "[p]ersons who triumph by inducing their opponents to surrender have 'prevailed' as surely as persons who induce the judge to grant summary judgment," *Kale v. Obuchowski,* 985 F.2d 360, 362 (7th Cir. 1993). The Eleventh Circuit has expressly not decided whether a favorable settlement can form the basis for the application of judicial estoppel. *Transamerica Leasing, supra,* 430 F.3d at 1336 n.8. Because the other elements of judicial estoppel have not been established, I do not need to address this issue.

attorneys' fees under a fee-shifting statute based upon a provision for attorneys' fees contained in a mortgage which the Debtor previously argued was fraudulent.

Slayman's mortgage appears valid on its face, and was successfully prosecuted in a foreclosure action brought in state court. I previously allowed the Debtor to mount a collateral attack on the mortgage on grounds of fraud, but there have been no determinations that the mortgage was invalid. Moreover, although both sides have accused the other of nefarious deeds,[2] and although Slayman has abandoned his claims, there is more than enough noise in the file to suggest that Slayman advanced some, and perhaps a lot of, money to the Debtor. Although I have taken no evidence on the issue and have made no fact findings, the protestations of ill health by Slayman, accompanied as they are by (admittedly unauthenticated) doctor's notes, are at least plausible and may be true. On the record before me, I cannot say that Slayman did not raise justiciable issues of law or fact in filing and prosecuting his claims prior to their abandonment. For that reason, *Burger King Corp. v. Mason*, 710 F.2d 1480 (11th Cir. 1983), *reh. denied* 718 F.2d 1115 *cert. denied*, 465 U.S. 1102 (1984) and *Wendy's International Inc. v. Nu-Cape Construction, Inc.*, 169 F.R.D. 680 (M.D. Fla. 1996), suggest that the award of attorneys' fees here would be inappropriate under *Fla. Stat.* § 57.105.

The express language of § 57.105(7) provides that the court "may" allow reasonable attorneys' fees in the circumstances provided for by the statute. By its terms, this provision allows me to exercise discretion in the awarding of attorneys' fees and costs. In light of the total absence of fact findings in this case, and in light of the discomfiting position taken by the Debtor in asserting

---

[2]The Debtor has noted Slayman's conviction for defrauding churches; Slayman has countered by noting that the Debtor's principal, Rev. Millian, has been convicted of sexual battery on a minor.

now that the Slayman mortgage is valid so as to invoke its attorneys' fee provision, I exercise the discretion set forth in § 57.105(7) to deny any award of attorneys' fees and costs.

### Sanctions

In addition to its request for attorneys' fees and costs, the Debtor seeks an award of sanctions arising under two distinct bases.  First, the Debtor recapitulates the unhappy history of Slayman's inadequate responses to discovery requests.  I have previously awarded sanctions against Slayman [CP 142] in connection with the Debtor's motion to compel production of documents.  Most, if not all, of the Debtor's complaints about discovery issues raised in the current motion appear to have been disposed of in that prior award.  In any event, the Debtor has not specified any additional expense incurred as a result of discovery problems since the entry of the prior sanctions award, and I will therefore not award additional discovery-related sanctions here.

Second, the Debtor asserts that Slayman has quite recently asserted a fraudulent worker's compensation claim against the Debtor with the State of Florida, and that Slayman's actions in doing so constitute a violation of the automatic stay.  The discussion of this matter is confined to a single short paragraph in the Debtor's nine page motion, and is unaddressed in either the Slayman response or the Debtor's answer to that response.  It is conceivable that the Debtor may be able to state a claim for the violation of the automatic stay but it has not adequately done so in the pleadings before me.  Accordingly, the motion will be denied insofar as it relates to sanctions, without prejudice to the Debtor's assertion of a claim for violation of the automatic stay by separate motion.

Based upon the foregoing, it is ORDERED that the Debtor's motion for attorney's fees and costs and for sanctions [CP 195] is DENIED.

###

Copies furnished to:

Office of the U.S. Trustee

Sabrina Chassagne, Esq.
One N.E. 2nd Avenue
Miami, FL 33132

Stuart A. Young, Esq.
Young, Brooks, & Pefka, P.A.
1860 Forest Hill Blvd., Ste 201
West Palm Beach, FL, 333406