ORDERED in the Southern District of Florida on May 9, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

FULL GOSPEL ASSEMBLY OF
DELRAY BEACH, INC.,

    Debtor.

Case No. 05-bk-23067-JKO

Chapter 11

### ORDER DISALLOWING SLAYMAN CLAIM 13, DENYING MOTION FOR SANCTIONS, AND CANCELLING HEARING SCHEDULED FOR MAY 21, 2007

THIS CASE came on for consideration on the motion to strike claim number 13 of Glen Slayman ("Mr. Slayman") [CP 222] and motion for sanctions, filed as part of the same two page document as CP 222 and separately docketed as CP 223. These motions were filed by the Debtor, Full Gospel Assembly of Delray Beach, and were set for hearing on May 21, 2007. Also before me is a letter from Gary Slayman, Mr. Slayman's son, and docketed as a notice of appearance [CP 232].

I have previously given considerable attention to claims 1, 2 and 11 filed by Mr. Slayman. *See Order on Slayman Claims and Setting Final Evidentiary Hearing* [CP 155] entered July 13, 2006, which dealt with a number of issues relating to Mr. Slayman's claims, and set those claims for

trial on August 30, 2006. Trial was rescheduled for September 25, 2006, by order [CP 187] entered September 7, 2006, because the courthouse had been ordered closed on August 30th as a result of threats posed by Tropical Storm Ernesto. On the eve of trial, Mr. Slayman effected a complete capitulation and, through his then-counsel, Stuart A. Young, and his son Gary Slayman, appeared and consented to the entry of an agreed order [CP 192] sustaining the Debtor's objections to Mr. Slayman's claims 1, 2 and 11. I was informed at the hearing on September 25, 2006, by both Mr. Young and Gary Slayman that Mr. Slayman had been advised by his physician that his attendance at the trial was contraindicated; apparently, Mr. Slayman, who is now reported by his son as age 82, has "suffered two strokes that left him with permanent damage." [CP 232].

Following the entry of the order [CP 192] which disallowed Mr. Slayman's claims 1, 2 and 11, the Debtor sought entry of an award of attorneys' fees. I have now finally disposed of that aspect of this case by order [CP 231] entered May 8, 2007. Meanwhile, Mr. Slayman – without his lawyer's knowledge or participation – filed Claim 13 on March 28, 2007, in the amount of $1,891,897, asserting $1,391,897 as an unsecured nonpriority claim and $500,000 as a secured claim. Claim 13 is substantially similar to the aggregate of Claims 1, 2 and 11 previously disallowed and arises out of the same transactions and occurrences.

On April 10, 2007, Mr. Young sought to withdraw [CP 218] as Mr. Slayman's counsel, citing an inability to continue to work with Mr. Slayman, presumably arising at least in part from Mr. Slayman's filing of Claim 13. At the hearing on the motion to withdraw, held April 23, 2007, it became clear to me that Mr. Young had serious doubts as to Mr. Slayman's mental capacity. I permitted Mr. Young to withdraw by order [CP 228] entered April 24, 2007. Gary Slayman's letter

[CP 232] advises that his father's neurologist "has told him to see a psychiatrist" and that any appearance in court would be against his father's doctor's advice.

### Motion to strike claim 13

As I ruled in the order [CP 155] on Mr. Slayman's Claims 1, 2 and 11, the court had fixed September 26, 2005, as the deadline for the filing of proofs of claim [CP 3] for creditors other than governmental entities. Claims 2 and 11 filed by Mr. Slayman were filed after that bar date. The Debtor contended, and I agreed, that Mr. Slayman could not properly amend his timely filed secured Claim 1 so as to assert other, unsecured claims (as set forth in Claims 2 and 11), such that the unsecured claims could not relate back.

The unsecured claims asserted in Claims 2 and 11 were unrelated to Claim 1 and were, with a limited exception not relevant here, completely new claims. As such, they were untimely. *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir. 1985). Claims 2 and 11 did not cure a defect in Claim 1, describe the prior claim with greater particularity, or plead a new theory of recovery based on the same facts as those giving rise to Claim 1, and Claim 1 gave no fair notice of the conduct, transaction or occurrence that formed the basis of Claims 2 and 11.

*International Horizons* sets forth a discretionary five-part balancing test that can be used by bankruptcy courts in determining whether to allow a late filed proof of claim as an amendment to an earlier claim. Those standards are:

> (1) whether the debtors and creditors relied upon the [creditor's] earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would be filed pending the completion of an audit; (2) whether other creditors would receive a windfall by the court's refusing to allow amendment; (3) whether the [creditor] intentionally or negligently delayed in filing its proof of claim; (4) the justification for failure of the [creditor] to file for a timely extension to the bar date; and (5) whether equity requires consideration of any other factors.

*International Horizons,* 751 F.2d at 1218.

As I ruled last July, even under the *International Horizons* discretionary balancing test, I was required to find that Claims 2 and 11 were late and time barred. The Debtor had no reason to know that subsequent proofs of claim would be filed; no creditors would have received a windfall if I disallowed Claims 2 and 11; Mr. Slayman was well aware of the claims bar date and had offered no justification for the late filing; and equity weighed against the allowance of those late-filed claims. I noted that Mr. Slayman's conduct during these proceedings had theretofore been questionable. He was significantly dilatory in providing documents to the Debtor which would substantiate Claims 2 and 11 to such an extent that I had previously entered an order [CP 124] advising the parties that I would award sanctions against Mr. Slayman in the form of attorneys' fees. I subsequently awarded such fees by order [CP 142] entered May 25, 2006. The documents which Mr. Slayman had provided to the Debtor and the court were – to be generous – meager. The circumstances of this case raised considerable doubt in my mind as to the legitimacy of Mr. Slayman's Claims 2 and 11.

Since Mr. Slayman failed the *International Horizons* balancing test, the only remaining basis on which I could have allowed Claims 2 and 11 would have been if Mr. Slayman had established that the claims were filed late as a result of excusable neglect under Rule 9006(b)(1) and the standards established in *Pioneer Investment Services Company v. Brunswick Associates,* 507 U.S. 380 (1993) and its progeny. Those standards are:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395. No satisfactory showing of excusable neglect was made in the pleadings. I gave Mr. Slayman the opportunity to establish excusable neglect at trial. As noted above, the trial aborted after Mr. Slayman capitulated, and his Claims 1, 2 and 11 were disallowed in their entirety.

Claim 13, filed some six months after these events, is subject to all of the same problems as Claims 2 and 11 which resulted in their disallowance. It was filed some eighteen months after the bar date and fails under the standards of *International Horizons*. It could be allowed only if the excusable neglect standards of *Pioneer* applied. But having been given the opportunity to try the excusable neglect issue and having capitulated on the eve of trial, Mr. Slayman is estopped to proceed on his new late-filed Claim 13 and to attempt to show excusable neglect. He had the chance to establish excusable neglect and he failed to do so with respect to Claims 2 and 11. In the circumstances of this case, he cannot now be allowed to proceed on yet another late-filed claim.

I would ordinarily consider these issues at the hearing scheduled for May 21, 2007 and permit the parties an opportunity to argue these issues. However, in light of both the legal impossibility of Mr. Slayman's prevailing at that hearing and the representations made to me by Mr. Young and by Gary Slayman noted above, I conclude that a hearing on the Debtor's motion to strike Claim 13 would be at best pointless and at worst injurious to Mr. Slayman's health. In the circumstances, I will cancel the hearing and disallow Claim 13 on the basis of the record before me.

**Motion for sanctions**

The motion for sanctions, separately docketed as CP 223, is contained in the same pleading as the motion to strike, docketed as CP 222. As such, it is procedurally improper. Under Federal Rule of Bankruptcy Procedure 9011(c)(1)(A), sanctions may be sought by a party under the following terms:

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate [Rule 9011(b)]. It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition [that is, a bankruptcy petition] in violation of subdivision (b).

The motion for sanctions is inconsistent with the requirements of Rule 9011(c)(1)(A) in three respects: it was not "made separately from other motions or requests;" it was served only on Mr. Slayman's counsel, Mr. Young, which would be proper service under Rule 7005 but is not proper service under Rule 7004; and it was served contemporaneously with its filing and not at least 21 days prior to its filing. Because of these procedural improprieties, the motion for sanctions will be denied. In light of the entire circumstances of this case, I will not look favorably on a renewed motion for sanctions which cures these procedural deficiencies.

Based upon the foregoing, it is ORDERED:

1. The hearing scheduled in this case for May 21, 2007, at 1:30 p.m. is CANCELLED.

2. The motion to strike [CP 222] Claim 13 filed by Glen Slayman is GRANTED and Claim 13 is hereby DISALLOWED.

3. The motion for sanctions [CP 223] is DENIED.

###

Copies to:

Sabrina Chassagne, Esquire, by cm/ecf

Stuart A. Young, Esquire
1861 Forest Hills Blvd., Suite 201
West Palm Beach, FL 33406

Glen Slayman
2440 Sapphire Circle
West Palm Beach, FL 33401

Gary Slayman
5526 E. Vista Del Rio
Anaheim, CA 92807