ORDERED in the Southern District of Florida on July 18, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

FULL GOSPEL ASSEMBLY OF
DELRAY BEACH

    Debtor.
_____/

Case No. 05-23067-BKC-JKO

Chapter 11

### ORDER DENYING SECOND MOTION FOR RECONSIDERATION

**THIS CASE** is before me on the Full Gospel Assembly of Delray Beach's (the "Debtor") Motion for Rehearing or Reconsideration of Order Denying Debtor's Motion for Attorney's Fees and Cost and for Sanctions and Denying Request for Attorney's Fees and Costs (the "Second Motion for Reconsideration") [CP 237]. The Second Motion for Reconsideration requests that I reconsider or rehear the Order Granting Debtor's Motion for Reconsideration of Order Denying Debtor's Motions For Attorneys' Fees and Costs and for Sanctions and Denying Request for Attorneys Fees and Costs (the "Second Order Denying Fees") [CP 231], which had been sought against claimant Glen Slayman.

## Background

The Debtor commenced this case by filing a petition under chapter 11 of the United States Bankruptcy Code on May 18, 2005 [CP 1]. The bulk of the litigation in this case has surrounded the claims of one creditor – Glen Slayman. Slayman asserted a number of claims against the Debtor and the Debtor objected to each of these claims. One of the claims arose out of an alleged mortgage between the principal of the Debtor and Slayman. The Debtor claimed throughout the course of the case that the mortgage in question failed for want of consideration. The parties were set to go trial on Slayman's claims number 1, 2, and 11 and the Debtor's objections to those claims on September 25, 2006 [CP 187]. On the eve of trial, Slayman capitulated entirely, agreeing to the disallowance of all of his claims, and the Court signed an Agreed Order Sustaining Objections to Claims No. 1, 2, & 11 of Glen Slayman [CP 192] on September 25, 2006.

On October 10, 2005, the Debtor filed a Motion for Attorneys Fees and Costs and for Sanctions against Slayman [CP 195]. Slayman filed a Response to Debtor's Motion for Attorneys Fees and Costs and Sanctions on October 19, 2006 [CP 199], and the Debtor filed a Reply on October 23, 2006 [CP 200]. The Debtor asserts that it was entitled to attorneys fees and costs and sanctions pursuant to Fla. Stat. § 57.105(7).[1] Despite consistently arguing throughout the proceedings that the mortgage between the Debtor and Slayman was invalid for lack of consideration, the Debtor seized on the attorneys fees

---

[1] Fla. Stat. § 57.105(7) states "if a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988."

provision of the mortgage as the basis for claiming entitlement to attorneys fees and costs under section 57.105(7).

I have made no determination as to the validity of the mortgage. Rather, I have previously observed that the mortgage appeared valid on its face, and it had already been successfully prosecuted in a foreclosure action brought in state court before the issues relating to the mortgage were brought here. Slayman raised an estoppel argument in his response to the Debtor's Motion for Attorney's Fees and Costs and Sanctions, but this Court found that his argument could not meet the test established by the Eleventh Circuit for judicial estoppel. I denied the Debtor's request for attorneys fees by Order (the "First Order Denying Fees") entered December 12, 2006 [CP 208] because I believed that the express language of section 57.105(7) provided that the court "may" allow reasonable attorney fees in the circumstances provided for by the statute, and this Court exercised its discretion not to award attorneys fees and costs due to the total absence of fact findings in the case and the discomfiting position taken by the Debtor relating to the mortgage.

### First motion for reconsideration

The Debtor moved for reconsideration of the First Order Denying Fees by Motion to Rehear, etc. [CP 213], arguing that applicable Florida case law made clear that a court is essentially without discretion under Fla. Stat. § 57.105(7) and must award attorneys' fees under a reciprocal contractual fee obligation when the prevailing party has been determined. I concluded in the Second Order Denying Fees [CP 231] that the Debtor was correct on this point and granted reconsideration. However, I also concluded that Florida law requires that where attorneys' fees are sought, the party seeking such an award must specifically allege and request the award of attorneys' fees in its pleadings. *Res Panel Refrig. Corp. v. Bill Collins Refrig. Svcs., Inc.*, 636 So.2d 569 (Fla. 3d DCA 1994). The failure to set

forth a claim for attorneys' fees, whether based on statute or contract, in a pleading seeking affirmative relief constitutes a waiver of the claim. *Stockman v. Downs*, 573 So.2d 835 (Fla. 1991). Since the Debtor had never put Slayman on notice of its intent to seek attorneys' fees, I denied the request in the Second Order Denying Fees because I concluded that notice, or lack thereof, of a pre-judgment claim for attorneys fees and costs is necessary in order for a party to effectively determine its strategy for pursuing or defending a claim. Consistent with the mandate of *Stockman*, I ruled that it would be patently unfair to allow the Debtor to pursue attorneys' fees and costs against Slayman when the first time Slayman was put on notice of such a request was more than two weeks after the entry the Order Sustaining the Debtor's Objections to Slayman's Claims.

### Second motion for reconsideration

Before me now is the Debtor's Second Motion for Reconsideration filed pursuant to Federal Rule of Bankruptcy Procedure 9023, applying Fed.R.Civ.P. 59(e), assertedly "to correct a clear and manifest injustice."

As an initial proposition, I note that relief under Rule 59(e) "is an extraordinary remedy to be employed sparingly." *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1073 (M.D. Fla.1993). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory...[or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *See Mincey v. Head*, 206 F.3d 1106, 1137 fn.69 (11th Cir.2000) (*quoting In re Halko*, 203 B.R. 668, 671-672 (Bankr.N.D.Ill.1996)). Although Rule 59(e) does not delineate the available grounds for relief under that section, courts have generally granted relief to (1)

account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. 689, 694; *Morris v. United States of America*, 1998 U.S. Dist. LEXIS 14046 (M.D.Fla.1998); *Firestone v. Firestone*, 76 F.3d 1205,(D.C.Cir.1996).

A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an "abuse of discretion" standard. *See American Home Assurance Co. v. Glenn Estess & Associates*, 763 F.2d 1237, 1238-1239 (11th Cir.1985); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or... [makes] findings of fact that are clearly erroneous." *See Mincey*, 206 F.3d at 1137 (*quoting Hatcher v. Miller* (*In re Red Carpet Corp.*), 902 F.2d 883, 890 (11th Cir.1990)).

If motions under Rule 59(e) are to be rarely granted, repetitive motions for reconsideration which revisit old matters are even more strongly disfavored. Rule 59(e) motions may not be used to relitigate old matters, *Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001), or to raise arguments that could have been raised prior to the entry of judgment. *See generally* Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2810.1.

The Debtor's argument in the Second Motion for Reconsideration is that although the Florida Supreme Court in *Stockman* ruled that "a claim for attorney's fees, whether based on statute or contract, must be pled," that Court subsequently defined "pleading" for purposes of such a claim for fees in a very narrow manner. In *Green v. Sun Harbor Homeowners' Ass'n, Inc.*, 730 So.2d 1261, 1263 (Fla. 1998), the Court held as follows:

> This Court's use of the phrase "must be pled" is to be construed in accord with the Florida Rules of Civil Procedure. Complaints, answers, and counterclaims are pleadings

pursuant to Florida Rule of Civil Procedure 1.100(a). A motion to dismiss is not a pleading. Stockman is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver. However, the failure to set forth a claim for attorney fees in a motion does not constitute a waiver.

From this procedural holding, the Debtor argues that "there have been no pleadings in this case" within the meaning of *Sun Harbor,* and that because the *Sun Harbor* court "never expressed concern about fair notice to the party against whom attorney's fees and costs were sought when it held that a request for attorney's fees could be made by separate motion," my expressed concern for due process "is misplaced."

### Procedural issues

It is essential to the analysis of the issue presented here to separate the matters of substantive Florida law from those of Florida procedure. I view *Stockman* as expressing a substantive determination that a party against whom attorneys' fees are sought is entitled to notice that such a claim will be made. There is a fundamental concern of fair notice to the party against whom attorneys' fees and costs may be sought. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. 40 Fla.Jur.2d *Pleadings* § 2 (1982). Raising entitlement to attorneys' fees only after judgment fails to serve either of these objectives. *Stockman,* 573 So.2d at 837. The existence or nonexistence of a motion for attorneys' fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorneys' fees may often be determinative in a decision whether to pursue a claim, dismiss it, or settle. *Stockman* held "a party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled." *Id.*

-6-

By contrast, *Sun Harbor* is a narrow procedural ruling which turns on the Florida Rules of Civil Procedure's concept of what constitutes a pleading. This is clear from the very language used by the *Sun Harbor* Court:

> Until a rule [of procedure] is approved for cases that are dismissed before the filing of an answer, we require that a defendant's claim for attorney fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed following a dismissal of the action.

Each of the majority, concurring, and dissenting opinions in *Sun Harbor* suggest that a change to the Florida Rules of Civil Procedure to deal with this issue should be considered.

Because it is procedural in nature, the *Sun Harbor* rule is not binding upon federal courts applying Florida substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1939). Procedure in federal courts generally is governed by the Federal Rules of Civil Procedure, and in the bankruptcy courts by the Federal Rules of Bankruptcy Procedure. Objections to claims are governed by Rule 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing there on shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

What happened here was consistent with the requirements of Rule 3007. After Slayman filed Claim 1, the Debtor objected [CP 54]. After Slayman filed Claim 2, the Debtor objected [CP 60] and Slayman responded [CP 68]. The Debtor thereafter filed an amended objection [CP 93] to Claim 2 to which Slayman responded [CP 97]. After Slayman filed Claim 11, the Debtor objected [CP 136]. I ruled preliminarily on the claim objections by Order [CP 155] entered July 13, 2006, which set the objections for trial on August 30, 2006, later continued because of tropical storm threats to September 25, 2006. On the eve of trial, Slayman completely capitulated, and I entered a simple agreed Order [CP

-7-

192] on September 25, 2006, disallowing Slayman's Claims 1, 2 and 11 in their entirety. The Debtor's motion for attorneys' fees was filed October 10, 2006. The Debtor takes the position in the Second Motion for Reconsideration that no "pleading" within the meaning of *Sun Harbor* had ever been filed by it, and that because its motion seeking attorneys' fees was filed within 30 days of dismissal, it was timely under *Sun Harbor*.

The Debtor's argument raises procedural form over substance to a remarkable degree. Under the Bankruptcy Rules, objections to claims *never* involve the filing of a "pleading" as defined in *Sun Harbor* unless an objection "is joined with a demand for relief of the kind specified in Rule 7001," whereupon the claim objection becomes an adversary proceeding. In garden variety claim objections, no "complaint, answer or counterclaim" is ever filed. None was filed here.

If the Debtor were correct that Florida procedure controlled, then the substantive rule in *Stockman* – that parties against whom attorneys' fees are sought are entitled to prior notice – would never be observed in the normal process of claims objection under Rule 3007. In a situation like this one, fundamental fairness and Florida substantive law would become prisoner to state court procedural rules designed for civil trials. Because *Sun Harbor's* interpretation of the Florida Rules of Civil Procedure has no application here, I conclude that the *Stockman* substantive rule controls. Slayman was entitled as a matter of Florida substantive law to prior notice that the Debtor would seek attorneys' fees. No such notice was given. The award of attorneys' fees would be fundamentally unfair and has been denied.

Because there is no point in granting a motion for reconsideration under Rule 59(e) where no substantive relief can properly be granted, the Second Motion for Reconsideration is DENIED. No further motions for reconsideration addressed to the issue of the Debtor's entitlement to attorneys' fees

in connection with the claims of Glen Slayman will be considered and any which are filed will be summarily denied.

It is SO ORDERED.

###

Copies to:

Sabrina Chassagne, Esq.
One N.E. 2nd Avenue
Miami, FL 33132

Stuart A. Young, Esq.
Young, Brooks, & Pefka, P.A.
1860 Forest Hill Blvd., Ste 201
West Palm Beach, FL 333406

Glen Slayman
2440 Sapphire Circle
West Palm Beach, FL 33411

Office of the United States Trustee

05-23067 FullGosp-2d reconsid.2007.05.24.wpd